UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

RESIN WANG,

                        Plaintiff,

   -against-

JETSON ELECTRIC BIKES LLC, SBD CAPITAL LLC,
FOTO ELECTRIC SUPPLY CO., INC., and BENJAMIN
GOLDSTEIN,

                    Defendants.

              :
              :
              :    <u>MEMORANDUM</u>
              :    <u>& ORDER</u>
              :    18-cv-6733 (CBA) (SMG)
              :
              :
              :
              x

--------------------------------------------------------------------

GOLD, STEVEN M., U.S. Magistrate Judge:

      A conference was held in this case on November 8, 2019. At that time, the Court issued

oral rulings with respect to several pending discovery disputes. Those disputes included

defendants' challenge to plaintiff's assertion of attorney-client privilege with respect to her

communications with David Parness, who is neither an attorney nor a party in this action. Defs.'

Letter dated Sept. 11, 2019, Dkt. 28. The Court for the most part overruled plaintiff's assertions

of attorney-client privilege with respect to communications involving Parness, but sustained

plaintiff's assertions of privilege with respect to communications between plaintiff and her

counsel during which Parness was present or participating by telephone. Min. Entry dated Nov.

8, 2019, Dkt. 36; Tr. of Nov. 8, 2019 Conference, Dkt. 37 ("Tr.").

      Plaintiff now moves for reconsideration of the Court's decision to overrule her assertions

of attorney-client privilege, invoking Federal Rules of Civil Procedure 59 and 60 and Local Civil

Rule 6.3. Dkt. 38. Defendants have submitted opposition to the motion, Opp. to Mot. for

Recons., Dkt. 41, and plaintiff has filed a reply, Reply, Dkt. 42. For the reasons stated below,

the motion is denied.

Courts have repeatedly stressed that "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.2d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))*; see also Concepcion v. City of New York*, 2019 WL 3252749, at *1 (E.D.N.Y. July 18, 2019). In her original discovery letter, plaintiff argued that her communications involving Parness were protected from disclosure on attorney-client privilege grounds because Parness was her agent. Pl.'s Letter dated Sept. 16, 2019, at 2, Dkt. 29. In support of her motion for reconsideration, plaintiff relies almost entirely on an email she sent to her attorneys in 2018 as evidence in support of her contention that Parness was her agent.

Plaintiff does not identify any reason why the email could not have been submitted, or the argument she now advances based upon it could not have been made, when plaintiff submitted her original opposition to defendants' letter dated September 11, 2019. Accordingly, plaintiff has failed to establish a proper basis for reconsideration.

Even if the substance of plaintiff's reconsideration motion were properly before the Court, I would deny the motion on its merits. A party invoking the attorney-client privilege bears the burden of establishing that the privilege applies and has not been waived. *See Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 86 (S.D.N.Y. 2019); *Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007). The privilege is narrowly construed because it protects relevant information from disclosure. *See Universal Standard*, 331 F.R.D. at 86. Plaintiff has failed to meet her burden to show that the attorney-client privilege applies to communications with Parness.

Generally, disclosure of attorney-client communications to a third party waives the privilege. *See id.*; *Cicel (Beijing) Science & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019); *Allied Irish Banks*, 240 F.R.D. at 103. There are, however, exceptions to the general rule of waiver, two of which are relevant here. First, no waiver occurs if the participation of a third party is necessary for effective communication between the client and counsel. *See Universal Standard*, 331 F.R.D. at 87. Second, disclosure to a third party who is an agent of the client does not waive the attorney-client privilege. *See id.* This second exception "derives from the fact that any act of a corporation—including communications with an attorney—must necessarily be accomplished through an agent." *Id.* at 88. However, where disclosure of attorney-client communications to a third party "is merely 'useful' but not 'necessary,' the privilege is lost." *Allied Irish Banks*, 240 F.R.D. at 104.

To the extent the Court's ruling during the conference on November 8, 2019 sustained plaintiff's assertion of privilege, it did so based upon the first of the two exceptions noted above. More specifically, the Court found that "Mr. Parness may have helped facilitate the communications between Wang and her counsel, in which he directly participated." Tr. at 18:16–18. The Court rejected plaintiff's attempt to avoid waiver by contending Parness was her agent because plaintiff failed to present facts sufficient to establish a principal-agent relationship. Tr. 12:25–15:14. Plaintiff now seeks to bolster her showing by pointing to an email plaintiff sent to her attorney on October 18, 2018.[1]

---

[1] With the Court's permission, the email was submitted under seal for *in camera* review. Pl.'s Letter dated Nov. 25., 2019, Dkt. 40. However, it does not appear to be a communication made "for the purpose of obtaining or providing legal advice." *Universal Standard*, 331 F.R.D. at 86 (internal quotation marks and citations omitted). Accordingly, by January 8, 2020, plaintiff shall either file an unsealed copy of the email on the docket or submit a letter demonstrating why the substance of the email is a privileged communication and should remain sealed.

3

Under New York law, agency is

> a fiduciary relationship which results from the manifestation of consent of one person [the principal] to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act . . . The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority.

*Faith Assembly v. Titledge of N.Y. Abstract, LLC*, 106 A.D.3d 47, 58 (2d Dep't 2013) (quoting *Maurillo v. Park Slope U-Haul*, 194 A.D.2d 142, 146 (2d Dep't 1993)).  It is well settled that "[t]he descriptive term 'agent' . . . is not necessarily determinative" and that "[t]he acts of a person and not the label attached may well determine in a practical sense and as a factual matter, the category into which the person falls."  *Conn. Mut. Life Ins. Co. v. Wolf*, 1997 WL 597064, at *4 (E.D.N.Y. Sept. 24, 1997) (internal citation omitted).

Nothing in the email submitted by plaintiff in support of her motion for reconsideration calls into question any of the facts relied upon by the Court in concluding that plaintiff failed to establish that Parness was her agent.  Nor does the email itself establish an agency relationship; it does not, for example, authorize Parness to make any decision or take any action on Wang's behalf.  Rather, it merely purports to "autherize (sic)" Parness "to assist" Wang "in the lawsuit."  Email dated Oct. 18, 2018, Dkt. 40-1.  Because it lacks any specification of the sort of assistance it authorizes Parness to provide, the email is essentially meaningless.  The Court doubts, for example, that plaintiff's counsel would agree, in reliance on the email, to settle or dismiss plaintiff's claims upon instructions from Parness without obtaining explicit authority to do so from plaintiff Wang.  Moreover, plaintiff has failed to establish that any assistance Parness may have provided was "necessary" rather than merely "useful" in any respect other than facilitating communications between Wang and her counsel in real time, as they were taking place.

For all these reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 27, 2019

U:\#Clerk Files\Decisions 2018-2019\18-cv-06733 Wang v. Jetson Electric Bikes LLC et al. Reconsideration Order.docx