UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
RESIN WANG,                                              :
                                                         :
                                 Plaintiff,  :
  -against-                                             :    REPORT &
                                                         :    RECOMMENDATION
JETSON ELECTRIC BIKES LLC, SBD CAPITAL   :    18-CV-6733 (RPK) (SMG)
LLC, FOTO ELECTRIC SUPPLY CO., INC., and :
BENJAMIN GOLDSTEIN,                      :
                                                         :
                             Defendants. :
-------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

       On March 23, 2020, plaintiff's counsel Michael J. Maloney, Esq. requested a pre-motion conference on behalf of himself and Rosanne E. Felicello, Esq. in anticipation of seeking leave to withdraw as counsel. Mot. for Pre-Mot. Conf., Dkt. 48. On March 25, 2020, during a telephone conference, the application was withdrawn without prejudice to renewal, and the Court extended the time for plaintiff to produce electronically stored information ("ESI"). Min. Entry dated Mar. 25, 2020, Dkt. 49.

       On June 8, 2020, defendants moved to dismiss the action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure based upon "[p]laintiff[']s repeated failure to comply with Court-ordered discovery and her disregard of the Court's final deadline." Ltr. Mot. to Dismiss at 2, Dkt. 51. Plaintiff's counsel, in response, filed a letter opposing defendants' motion to dismiss and moving to renew his motion for leave to withdraw as counsel, due to, among other things, "an irretrievable breakdown in the attorney-client relationship . . . [and] [p]laintiff's expressed intention to retain substitute counsel[.]" Ltr. dated June 9, 2020 at 4, Dkt. 53. The letter further explained that both Mr. Maloney and Ms. Felicello had left their former law firm and that Mr. Maloney had advised plaintiff that she could either retain new counsel or enter into a retainer agreement with his new firm. *Id*. at 3.

During a telephone conference held on June 29, 2020, the Court directed plaintiff to submit an "opposition to her counsel's motion to be relieved, or appear through new counsel, or indicate her intention to proceed pro se and explain how she will come to the United States to do that, by July 20, 2020." Min. Entry dated June 29, 2020, Dkt. 55. Additionally, the Court noted that "[f]ailure to comply will result in a recommendation of dismissal for failure to prosecute," *id.*, and directed plaintiff's counsel to promptly serve the order on plaintiff and provide proof of service to the Court.

Plaintiff did not respond by the July 20, 2020 deadline, and defendants moved to dismiss for failure to prosecute. Ltr. dated July 21, 2020, Dkt. 56. Because plaintiff's counsel did not file proof of service of the June 29 Order, the Court ordered counsel to file proof of service, or a letter explaining why service had not been made, by July 31, 2020. Order dated July 24, 2020. Plaintiff's counsel thereafter filed an affidavit of service stating that plaintiff was served on June 30, 2020 by First-Class Priority Mail and WeChat. Aff. of Service, Dkt. 57.

The Court then filed a Report recommending that this action be dismissed with prejudice. Report and Recommendation, Dkt. 58. Plaintiff's counsel filed an objection, bringing to the Court's attention a letter from plaintiff that was apparently faxed to the Court on July 20, 2020. Objection, Dkt. 60; *see* Pl.'s Ltr., Dkt. 61. After construing the letter as a motion for additional time to appear through new counsel, the Court granted the motion and extended the time for plaintiff to appear through new counsel to September 1, 2020. Order dated July 31, 2020. The Court noted that failure to appear by this deadline would result in a renewed recommendation of dismissal. Additionally, the Court directed plaintiff's counsel to serve the order on plaintiff and provide proof of service to the Court. Plaintiff's counsel thereafter filed an affidavit of service stating that plaintiff was served on August 3, 2020 by mail and WeChat. Aff. of Service, Dkt. 62.

Plaintiff has failed to appear by new counsel by September 1, 2020 and has not otherwise communicated with the Court.  Therefore, I respectfully recommend that this action be dismissed with prejudice.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and, in any event, on or before September 18, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Counsel for plaintiff shall serve a copy of this Report and Recommendation on plaintiff and promptly file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
September 4, 2020

U:\#JAV 2019-2020\Wang v Jetson Electric Bikes et al., 18-CV-6733\Final Renewed R&R.docm